CALEB, The M. M. See Cases Nos. 9,680–9,683.

CALEDONIAN, The. See Cases Nos. 8,063 and 8,064.

CALEDONIA SILVER MIN. CO. (GOLD HILL v.). See Case No. 5,512.

## Case No. 2,307.

Ex parte CALENDAR.

[5 Law Rep. 125; 1 N. Y. Leg. Obs. (1848) 200.]

District Court, D. Connecticut.

INVOLUNTARY BANKRUPTCY — RIGHTS OF CREDITORS—WITHDRAWAL OF PETITION.

Where an application is made by creditors for an involuntary decree, in bankruptcy, it is open to other creditors to come in on the day appointed by the court for the hearing, and pray for a decree, although the petitioning creditors may in the meantime have arranged with the debtors.

This was an application by the creditors of R. & L. Calendar, for a decree in bankruptcy. It appeared that subsequent to the filing the petition, and prior to the time appointed for the hearing, the petitioning creditors had effected an arrangement with their debtors. On the day appointed for the hearing, application was made by the creditors to withdraw their petition. At the same time a motion was made by other creditors to enter an appearance and proceed with the case.

JUDSON, District Judge. It will not do for one creditor, or one set of creditors, to institute proceedings against a bankrupt, and before the day of trial comes on, under an order of notice from the court, to receive payment of their own debt, in full or in part, and then, by withdrawing their petition, prevent the general creditors from proceeding with the case. All persons having

an interest as creditors, are by law parties, and may come in and have an appearance entered, and being parties, they may proceed with the cause. The right here claimed, if allowed, would open the door for a fraudulent combination, which, in all these cases, might be practiced, to the great injury of the creditors. If, indeed, the bankrupt, having the possession of the property, between the filing of the petition and the day of hearing, can carve out sufficient to compromise with the petitioning creditors, and enter into an agreement for a withdrawal, he may as well carry away the residue, or appropriate it to other purposes than an equal division of it among his creditors. This course of proceedings would invite fraud, instead of preventing it. A man in failing circumstances, procures his friend to petition against him, and while the same is pending in court, the general creditors are notified to appear on the day of hearing; they rest quiet under this proceeding, believing it to be in good faith, and when the day arrives, the property may be all paid over to this petitioning creditor, or a part of it, and the residue is taken out of the jurisdiction of the court. The petitioners, under the circumstances of this case, cannot be permitted to take the case out of court. They may, if they please, go out themselves, but they cannot take the case with them; when once begun, it is for the benefit of all, and all or any of the creditors may proceed with the cause. The motion to withdraw is disallowed, and the motion of the other creditors to appear is allowed.